C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
   RAMON COOPER,                              :
                                                             :
                                          Petitioner,        :
                                                             :   **MEMORANDUM DECISION AND**
                              - against -                    :   **ORDER**
                                                             :
   THE PEOPLE OF THE STATE OF NEW               :   25-cv-5923 (BMC)
   YORK,                                        :
                                                             :
                                          Respondent.        :
                                                             :
------------------------------------------------------------ X

**COGAN**, District Judge.

Petitioner *pro se* Ramon Cooper seeks habeas corpus relief from his conviction and sentence under 28 U.S.C. § 2254.  Following a jury trial in New York Supreme Court, Kings County, petitioner was convicted of one count of Murder in the Second Degree (New York Penal Law ("PL") § 125.25(1)) and two counts of Criminal Possession of a Weapon in the Second Degree (PL § 265.03(1)(b), (3)).  The trial court sentenced him to 20 years to life in prison for the murder count, and 15 years in prison plus 5 years of post-release supervision for each possession count (with all prison sentences to run concurrently).

Because all petitioner's claims are procedurally barred and otherwise meritless, the petition is denied.

**DISCUSSION**

**I.      Habeas Corpus Review**

This petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See generally Williams v. Taylor, 529 U.S.

362 (2000). As the Supreme Court has "noted many times, AEDPA sharply limits federal review of habeas claims raised by state prisoners." Klein v. Martin, No. 25-51, 607 U.S. __, 146 S. Ct. 589, 596 (Jan. 26, 2026). AEDPA mandates a deferential review of a state prisoner's petition, limited to "ground[s] that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Known as "AEDPA deference," this means that

> a habeas writ shall not issue with 'respect to any claim that was adjudicated on the merits in State court proceedings' unless the state court adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

Carew v. Morton, 150 F.4th 150, 160 (2d Cir. 2025) (quoting 28 U.S.C. § 2254(d)(1)-(2)). "These standards require federal courts to give the 'benefit of the doubt' to merits decisions issued by the courts of the sovereign States," so a petitioner "must 'show far more' than 'clear error'" to prevail. Klein, 607 U.S. at __, 146 S. Ct. at 596 (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002), and Shinn v. Kayer, 592 U. S. 111, 118 (2020)). Before a federal court can reach the merits of a petitioner's claims, however, the claims must be exhausted and not procedurally barred, unless an exception to either prerequisite applies.

## A.    Exhaustion

To exhaust his claims, a state prisoner must "fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). "The federal habeas corpus exhaustion requirement is grounded in principles of federal-state comity." Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).

2

There are several non-overlapping avenues toward exhaustion for a New York prisoner. The most intuitive path is on direct appeal, where a defendant convicted at trial raises the federal constitutional infirmities of his conviction before the Appellate Division and the New York Court of Appeals.  See Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir. 2005).  Having no more rungs on the ladder to step to, the claim would be exhausted, and the prisoner could petition a federal court for habeas review of those claims.

Generally, "[a] district court must dismiss any petition for habeas corpus ... that contains issues not exhausted in the state courts."  McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982), and Turner v. Artuz, 262 F.3d 118, 122 (2d. Cir. 2001)).  However, when "faced with a 'mixed petition,' presenting both exhausted and unexhausted issues, it can offer the petitioner 'the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims.'" Id. (quoting Rose, 455 U.S. at 510).  "Alternatively, a district court may also dismiss the petition with a judgment on the merits." Id.  (citing Turner, 262 F.3d at 122).

## B.      Independent State Law Grounds

Even if the claims are exhausted, there may be other reasons that a federal court cannot review them.  Specifically, a federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman, 501 U.S. at 729) (emphasis omitted).  "The rule applies with equal force whether the state-law ground is substantive or procedural." Id.

"Even where the state court has ruled on the merits of a federal claim 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the

3

petitioner's procedural default." Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007) (quoting Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005)). "A state procedural bar is 'adequate' if it 'is firmly established and regularly followed by the state in question' in the specific circumstances presented in the instant case." Id. at 192 (quoting Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006)).

One example of an adequate state procedural bar is the "contemporaneous objection rule," codified at New York Criminal Procedure Law § 470.05. Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011). As the name of the rule suggests, a party "must make a specific contemporaneous objection at trial in order to preserve an issue for appellate review." Scott v. James, No. 20-cv-07809, 2023 WL 5048237, at *3 (S.D.N.Y. Aug. 8, 2023). Thus, "the critical factor under this approach is whether the timing or manner of the objection sufficed to prompt the trial judge to address the specific error pressed on appeal." Downs, 657 F.3d at 104.

**C.      Reaching the Merits of a Procedurally Barred Claim**

Even if a claim is procedurally barred, a habeas petitioner "may obtain review of his claim on the merits if he shows that equity demands it." Murden, 497 F.3d at 194 (citing Dretke v. Haley, 541 U.S. 386, 393 (2004)). To make such a showing, the petitioner must demonstrate either "cause and prejudice for the procedural default," or that the "constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." Id. (quoting Dretke, 541 U.S. at 393). Alternatively, in rare circumstances, judicial economy might counsel reaching the merits without deciding the procedural bar issue – for example, where the merits are "easily resolvable against the habeas petitioner." See Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

4

### D.      Standard of Review

If all the procedural hurdles have been cleared, the Court must then "look[] to the last state court decision rendering a judgment on the petitioner's federal claim" through the lens of AEDPA deference.  Clark v. Perez, 510 F.3d 382, 394 (2d Cir. 2008) (citing Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006)); see also Carew, 150 F.4th at 160 (defining AEDPA deference).  By contrast, if the Court reaches the merits of a procedurally barred claim, the Court reviews it *de novo*.  Clark, 510 F.3d at 394.

## II.     The Petition

The habeas petition in this case raises four arguments, all of which petitioner (through counsel) made in his appeal to the Appellate Division:[1]

(1) The People failed to prove that [petitioner] intended to kill [the victim], and the verdict was against the weight of the evidence.  [Petitioner] was the only testifying eyewitness, the video evidence did not show [petitioner] ambushing [the victim] or firing a gun, the ballistics evidence proved that [petitioner's accomplice] fired the fatal shot, and the People introduced no evidence of a plan or motive to kill.

(2) The trial court erred by not charging the lesser-included offense of first-degree manslaughter where it was requested by the prosecution and supported by a reasonable view of the evidence.

(3) [Petitioner's] conviction of second-degree weapon possession should be vacated because Section 265.03(3) of the penal law is unconstitutional, on its face and as applied to [petitioner], under New York State Rifle & Pistol Ass'n v. Bruen[, 597 U.S. 1 (2022)].

(4) [Petitioner's] sentence of 20 years to life is unduly harsh and should be reduced in light of his young age at the time of the crimes, strong community and family ties, rehabilitative potential, and limited criminal history.

---

[1] The excerpted language is from petitioner's brief to the Appellate Division.

The Appellate Division disposed of points (1) and (4) on the merits and found points (2) and (3) unpreserved for appellate review while also determining that they were meritless.  See People v. Cooper, 237 A.D.3d 844, 845-46, 231 N.Y.S.3d 223, 225-26 (2nd Dep't 2025).

Petitioner then requested leave to appeal to the Court of Appeals (again through counsel). In his initial letter to the Chief Judge, he represented that that there were "questions of state law and federal constitutional law ... , as stated in his briefs to the Appellate Division" but did not specify what those questions were.  Then, in petitioner's letter-memorandum in support of the application, he requested that the Court of Appeals grant leave to answer two questions, both of which related to point (2) from petitioner's first appeal:

> [first,] whether, under C.P.L. § 300.50(2), a trial court is obligated to submit to the jury, over defense objection, a lesser-included offense that is reasonably supported by the evidence; and [second,] whether ... an appeals court can review a defendant's claim that the trial court should have submitted a lesser-included offense under C.P.L. § 300.50(2) even if the defendant opposed its submission at trial.

Petitioner analyzed only these two questions throughout the rest of his five-page memorandum. However, in the second-to-last paragraph, petitioner requested leave to appeal "on all state-law and federal constitutional issues raised in his appeal to the Appellate Division."

If a petitioner abandons claims which he pressed to the Appellate Division in his leave application to the Court of Appeals, a court will consider these claims to be "procedurally defaulted."  See Galdamez, 394 F.3d at 75; see also Carvajal, 633 F.3d at 104 ("If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we 'must deem the claim [ ] procedurally defaulted.'"  (quoting Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001)). "For a federal court to hold that a state court had the opportunity to rule on a constitutional claim as to which no ruling was requested, and then to rule on the merits of the claim itself, would

undermine the very considerations of comity that the rules of exhaustion were designed to protect." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991).

For example, in Grey, the Second Circuit held that "[t]he fair import of petitioner's submission to the Court of Appeals" – consisting of his brief to the Appellate Division raising three claims and a letter to the Court of Appeals requesting review of only one claim – "was that the other two [claims] had been abandoned." Id. at 120. The court thus concluded that these claims had been procedurally defaulted. It "decline[d] to presume that the New York Court of Appeals ha[d] a duty to look for a needle in a paper haystack" (the "needle" being the other claims and the "paper haystack" being the brief to the Appellate Division). Id.

Likewise, in Jordan v. Lefevre, 206 F.3d 196 (2d Cir. 2000), the Second Circuit held that the petitioner did not "fairly present" all of his claims to the Court of Appeals when he "forcefully argued" one claim in his leave application and "made no reference to his other claims," even though he concluded by asking for permission to appeal "[f]or all of these reasons and the reasons set forth in his Appellate Division briefs." Id. at 198. The court reasoned that "[a]rguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly apprise the state court of those remaining claims." Id. By contrast, the Court noted that had petitioner "more clearly stated that he was pressing all of the claims raised in the attached brief, or had his letter made no argument in detail" but requested review of "all issues outlined" in the briefs, the claims "would have been fairly presented to the Court of Appeals." Id. at 199 (internal quotation marks and citation omitted).

Here, petitioner argued only point of error (2) in his leave application (that is, whether the trial court erred by not charging the lesser-included offense of first-degree manslaughter). This Court cannot presume that the Court of Appeals, in denying petitioner's application, sifted

7

through the briefs to the Appellate Division to identify other potential points of error.  Petitioner was quite specific about the two related questions that he wanted the Court of Appeals to answer. Thus, his closing reference to "all state-law and federal constitutional issues raised in his appeal to the Appellate Division" cannot be interpreted as a "catch-all" for other questions not explicitly presented.  Rather, the more logical interpretation is that his closing reference was to additional arguments for reviewing point (2) that were made to the Appellate Division.

As a result, the Court cannot conclude that the Court of Appeals was fairly apprised of petitioner's other claims from a couple of vague references to his prior appeal.  See Ramirez v. Att'y Gen. of State of New York, 280 F.3d 87, 97 (2d Cir. 2001) ("References to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal.").  Accordingly, points (1), (3), and (4) are procedurally defaulted.

The Court nonetheless deems points (1), (3), and (4) exhausted because those claims are now procedurally barred from presentation to the Court of Appeals.  Grey, 933 F.2d at 120. Petitioner "cannot again seek leave to appeal these claims in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled," and is prevented from seeking collateral review "because these issues were previously determined on the merits on direct appeal."  Id.  "No purpose would be served by requiring petitioner to return to state court for further proceedings before considering any of the claims raised in his habeas petition."  Id.

In summary, points (1), (3), and (4) are technically exhausted but procedurally defaulted. Thus, for the Court to reach the merits of these procedurally barred claims, petitioner must demonstrate either "cause and prejudice for the procedural default," or that the "constitutional violation has probably resulted in the conviction of one who is actually innocent of the

8

substantive offense." Murden, 497 F.3d at 194 (citing Dretke, 541 U.S. at 393). Petitioner has not attempted to make such a showing. Therefore, petitioner is ineligible for habeas relief on points (1), (3), and (4).

Finally, point (2), which was actually exhausted, is unreviewable by a federal habeas court because it was rejected on an independent state-law ground. See Cooper, 237 A.D.3d at 845, 231 N.Y.S.3d at 225 ("The defendant failed to preserve for appellate review his contention that the Supreme Court erred by failing to submit the lesser included offense ... to the jury."). "Though the Appellate Division concluded [it was] 'unpreserved for appellate review' without citing a particular procedural rule, ... the Court finds that the Appellate Division likely relied on New York's contemporaneous objection rule, which is a valid procedural bar in New York state court[.]" Dorcinvil v. Kopp, 710 F. Supp. 3d 128, 156 (E.D.N.Y. 2024) (citations omitted).

Point (2) is thus procedurally barred from federal review. As with points (1), (3), and (4), petitioner has not attempted to demonstrate "cause and prejudice for the procedural default," or that the "constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense," so the Court cannot reach the merits of this claim. See Murden, 497 F.3d at 194 (citing Dretke, 541 U.S. at 393).

## III.    Leave to Amend

Petitioner has not requested leave to amend. However, in light of petitioner's *pro se* status, the Court deems it prudent to consider whether petitioner could cure the deficiencies of his petition through amendment. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Court finds that each claim fails for alternative reasons that could not be cured through repleading.

9

Regarding point of error (1), that the murder verdict was against the weight of the evidence: "[a] 'weight of the evidence' argument is a pure state law claim ground in New York Criminal Procedure Law § 470.15(5)," so this Court is precluded from considering it. Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]").

Regarding point of error (2), that the trial court erred by not charging the lesser-included offense of first-degree manslaughter: "in this circuit, habeas review of a state trial court's failure to instruct on lesser included offenses in noncapital cases is precluded." Bien v. Smith, 546 F. Supp. 2d 26, 43 (E.D.N.Y. 2008).

Regarding point of error (3), that PL § 265.03(3) is unconstitutional under Bruen, 597 U.S. 1 (2022): the claim is unpreserved for appellate review because it was not raised before petitioner was sentenced. See Navarro v. McCarthy, No. 20-cv-6094, 2023 WL 8375858, at *20 (W.D.N.Y. Dec. 4, 2023) (collecting cases). In any event, Bruen neither held any criminal statute unconstitutional nor called into doubt New York's criminal prohibitions on unlicensed possession of firearms. See Augustin v. Digirolamo, No. 25-cv-3332, 2025 WL 2689598 at *8 (E.D.N.Y. Sep. 19, 2025) ("Although plaintiff alleges in conclusory fashion that [PL] 265.03 is 'flagrantly and patently unconstitutional [under Bruen],' … authority within this circuit suggests otherwise." (collecting cases)).

Regarding point of error (4), that petitioner's sentence of 20 years to life in prison was unduly harsh: "no federal constitutional issue amenable to habeas review is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also PL § 70.00(2), (3) (sentencing range for second-degree murder under PL § 125.25 is 15 years to life in prison).

The Court thus denies leave to amend as futile.  <u>Cuoco</u>, 222 F.3d at 112.

### CONCLUSION

The petition for a writ of habeas corpus is denied, and the case is dismissed.  A certificate of appealability shall not issue as petitioner has not "made a substantial showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C. § 2253(c)(2).  *In forma pauperis* status is denied for purposes of an appeal.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated: Brooklyn, New York
          March 25, 2026

11